# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 15-326V
Filed: November 20, 2018
Not for Publication

*************************************

| | |
|---|---|
| NICHOLAS REINKING and * <br> HILARY KATHERINE REINKING, * <br> as the Parents and Natural Guardians of * <br> M.R., a Minor, * <br> * <br> Petitioners, * <br> * <br> v.  * <br> * <br> SECRETARY OF HEALTH * <br> AND HUMAN SERVICES, * <br> * <br> Respondent. * <br> * | Reasonable attorneys' fees and costs; <br> Immune thrombocytopenic purpura; <br> Settlement. |

*************************************

Mark T. Sadaka, Englewood, NJ, for petitioners.
Christine M. Becer, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On March 30, 2015, Nicholas and Hilary Reinking ("petitioners") filed a petition on behalf of their minor child, M.R., under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012).   The petition alleged that M.R. suffered from immune thrombocytopenic purpura that was caused by her receipt of the Hepatitis A and influenza ("flu") vaccines on January 28, 2013.   Pet. at 1.

On April 3, 2018, the parties filed a stipulation in which they agreed to settle this case

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

and described the settlement terms. Respondent denies that the Hepatitis A and flu vaccines caused or significantly aggravated M.R.'s alleged injury or any other injury. Nonetheless, the parties agreed to resolve this matter informally. On the same day, the undersigned issued a decision awarding compensation in the amount and on the terms set forth in the stipulation. Judgment entered on April 17, 2018.

On September 20, 2018, petitioners filed a motion for attorneys' fees and costs ("Fees App."), requesting attorneys' fees of $29,048.73 and attorneys' costs of $8,453.20, for a total request of $37,501.93. Fees App. at 2. Pursuant to General Order No. 9, petitioners have indicated that they have personally incurred costs in the amount of $197.10 in pursuit of this litigation. Id. Respondent responded to the motion on October 4, 2018, indicating that he was "satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case" and asking the undersigned to "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Response at 2-3. Petitioners did not file a reply thereafter. The matter is now ripe for disposition.

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." 42 U.S.C. § 300aa-15(e)(1). The special master has "wide discretion in determining the reasonableness" of attorneys' fees and costs. Perreira v. Sec'y of HHS, 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994); see also Saxton ex rel. Saxton v. Sec'y of HHS, 3 F.3d 1517, 1519 (Fed. Cir. 1993) ("Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications.").

Special masters have previously reduced the fees paid to petitioners due to excessive and duplicative billing. See Ericzon v. Sec'y of HHS, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); Raymo v. Sec'y of HHS, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), mot. for rev. denied, 129 Fed. Cl. 691 (2016). Additionally, it is firmly established that billing for clerical and other secretarial work is not permitted in the Vaccine Program. Rochester v. United States, 18 Cl.Ct. 379, 387 (1989) (denied an award of fees for time billed by a secretary and found that "[these] services ... should be considered as normal overhead office costs included within the attorneys' fees rates"); Mostovoy v. Sec'y of HHS, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016).

Based on her experience and review of the billing records submitted by petitioner, the undersigned finds petitioners' requested fees rates to be acceptable and in conformance to what other special masters have awarded Sadaka Law Firm attorneys and paralegals. The undersigned also finds the hours billed on this matter to be largely reasonable, with only one adjustment that must be made.

Petitioners' counsel, Mr. Sadaka, has several entries in which he has billed 0.1 hours for "Receive/review minute entry for status conference proceeding."[2] As petitioners' counsel, an

---

[2] The undersigned notes a total of 11 such entries occurring on the following dates: 6/8/15, 11/30/15,

experienced attorney in the Vaccine Program, is aware, these minute entries are entered into CMECF by the undersigned's staff after each proceeding. The text is boilerplate and its content is only to indicate the date, location, and nature of a proceeding that took place to help supplement the record as a whole for future review, and to provide a link where parties may order an official transcript of the proceeding, if the proceeding was recorded (in the instant case, none of the status conferences were recorded).

In the undersigned's experience, even 0.1 hours is excessive to bill for review of notification of these minute entries. Unlike review of other CMECF generated notifications for even mundane entries, such as when the Court grants a motion for extension of time, review of minute entries has no discernible effect on advancing the case. These minute entries do not grant a motion or set a new deadline for some action by the parties – they merely indicate an event happened, and nothing more. To bill for these entries after counsel has already billed in a separate entry for preparation for and participation in the status conference is excessive. The total amount billed by Mr. Sadaka for review of minute entries is **$396.38**, which shall be reduced from the final award of attorneys' fees.

Turning next to costs, the undersigned finds that the requested costs are all reasonable. The majority of the requested costs is for mediation services by former Chief Special Master Gary Golkiewicz. Fees App. Ex. A at 16. The former Chief Special Master billed a total of 27.35 hours at a rate of $400.00 per hour. Fees App. Ex. B at 8. Additionally, he incurred $1,488.56 in expenses related to traveling for the mediation. Id. In sum, the former Chief Special Master billed a total amount of $12,428.56, which was split by the parties, resulting in a $6,214.28 cost to petitioners. Id.

The mediation services of former Chief Special Master Golkiewicz have consistently been found reasonable by the Court. See Meadows v. Sec'y of HHS, No. 16-861V, slip op. at 4-5 (Fed. Cl. Spec. Mstr. Oct. 31, 2018); Robinson v. Sec'y of HHS, No. 15-967V, slip op. at 5 (Fed. Cl. Spec. Mstr. Sept. 12, 2018). The undersigned finds the hours expended and the costs associated with travel to and from the mediation to be reasonable, and shall award the requested amount in full. The remainder of the costs, which include the cost of medical records and counsel's travel to attend mediation, are also reasonable and petitioner has provided adequate documentation for these costs. They will therefore be awarded in full.

Finally, the undersigned shall address petitioners' requested costs. Petitioners request a total of $197.10 for establishment of a conservatorship, as required by the stipulation terms. Fees App. Ex. C at 1. Petitioners have provided adequate documentation of this expense, and it shall be reimbursed in full.

Accordingly, the undersigned **GRANTS** petitioners' application for attorneys' fees and costs. The court awards a total of **$37,302.65** as follows:

---

3/24/16, 4/26/16, 5/25/16, 6/23/16, 8/2/16, 9/15/16, 10/13/16, 3/1/17, and 6/20/17. Fees App. Ex. A

1) A check made jointly payable to petitioners and Sadaka Associates, LLC in the amount of **$37,105.55** for attorneys' fees and costs, and

2) A check made payable to petitioners in the amount of **$197.10** for personal costs.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

Dated: November 20, 2018                                             /s/ Laura D. Millman
                                                                                                Laura D. Millman
                                                                                                Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.